UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JAMES BAINES, CHRISTOPHER LYONS, ALLEN ESPOSITO, WILLIAM SAMPSON, CODY BLACKBURN, BONNIE YOUNG and LIBERTARIAN PARTY OF MAINE,<br><br>    Plaintiffs,<br><br>v.<br><br>MATTHEW DUNLAP, in his official capacity as Secretary of State for the State of Maine,<br><br>    Defendant. | Case No. 1:19-cv-00509-LEW |

## ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

On June 25, 2020, Plaintiffs filed an Emergency Motion for Reconsideration, asking me to re-think my Order denying their Motion for Preliminary Injunction (ECF No. 25). For the reasons that follow, Plaintiffs' Motion is DENIED.

"A motion to reconsider an interlocutory order of the Court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law." Me. Loc. R. 7(f). Reconsideration is not an opportunity to revisit the party's case and to "reargue[e] theories previously advanced and rejected." *Palmer v. Champion Mortgage*, 465 F.3d 24, 29-30 (1st Cir. 2006). Plaintiffs can only succeed "if the court has 'patently misunderstood a party…or has made an error not of reasoning but apprehension.'" *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 82 (1st Cir. 2008).

Plaintiffs argue I committed three legal errors in the Order, each of which merits reconsideration: (1) that I failed to consider candidates' past experience when considering the constitutionality of Section 335, (2) that I failed to consider whether Maine has an interest that justifies Section 301(1)(E)'s 10,000 registered voter participation requirement, and (3) that I failed to address the claim that Sections 301 and 335 are unconstitutional "as applied in combination."  Because I already considered and rejected Plaintiffs' first two arguments, the third argument arose for the first time in the Motion for Reconsideration, and Plaintiffs cannot point to any "manifest error of fact or law," I will not disturb my previous Order denying injunctive relief.

Plaintiffs first argue that I failed to assess whether a "reasonably diligent candidate" could satisfy Maine's Section 335 signature requirements based on "past experience" as required by the Supreme Court's decision in *Storer v. Brown*, 415 U.S. 724, 742 (1974). But there is no such default rule.  For one thing, *Storer* was decided long before *Anderson v. Celebrezze,* 460 U.S. 780, 789 (1983), and *Burdick v. Takushi*, 504 U.S. 428, 434 (1992), which laid down the definitive balancing test for assessing the constitutionality of state ballot access laws; *Anderson* and *Burdick* require no explicit "past experience" analysis. For another, the First Circuit has followed *Anderson* and *Burdick*, and has not performed Plaintiffs' "past experience" inquiry when reviewing similar ballot access laws.  *See, e.g., Libertarian Party of N.H. v. Gardner*, 843 F.3d 20, 23 (1st Cir. 2016) (citing *Storer*, but without considering past successes or failures of other "reasonably diligent candidate[s]"). There simply is no such default rule that a court must consider past experience of

candidates when considering burdens to ballot access, otherwise its opinion is legal error. I will not reconsider my Order at this invitation.[1]

Next, Plaintiffs argue I failed to consider whether the state has an interest in the second tier of its two-tier ballot access scheme—the 10,000 registered voter participation requirement. As the Order makes plain, the participation requirement in Section 301(1)(E) is a "minimal burden," triggering rational basis. Order at 10-11. Following the First Circuit's lead, "at the 'rational basis' end of any equal protection analysis … we can rely on statements of the state's interest first identified in litigation briefs." *LPNH*, 843 F.3d at 31. In the opposition to the motion for preliminary injunction, Defendant made clear that the registration requirements "serve the state's important interests in assuring a significant modicum of support for candidates to qualify for the general election ballot, thereby avoiding vote-splitting and voter confusion caused by overcrowded ballots and marginal or frivolous candidacies." Opposition to Motion for Preliminary Injunction at 2. And, as I found in my Order, "[t]he state's interest in ensuring that political parties enjoy a 'modicum of support' before getting unfettered ballot access is more than enough to overcome [the 5,000 registered voter requirement's] minimal burden…. The same goes for

---

[1] And, even if it were error, I considered Plaintiffs' evidence that several of its candidates failed to meet Section 335's signature requirements in the 2018 election cycle. Plaintiffs' Section 335 argument goes like this: because Maine makes it "mathematically impossible" for certain candidates to secure signatures from members of their own party within their electoral district, Section 335 is a severe burden on those minor-party candidates' ballot access. Motion for Preliminary Injunction at 10-11. And on reconsideration, their "claim is that the Court erred by finding a 'minimal' burden without addressing Plaintiffs' evidence at all." Reply to Opposition to Motion for Reconsideration at 3. Not so. I did consider this evidence and concluded that Maine's Section 335 signature requirements were its way of ensuring party support within electoral districts before granting ballot access. "That it might be 'mathematically impossible' in some places is simply a reflection that LPME does not enjoy the minimum modicum of support Maine requires within that electoral division to qualify for the general election ballot." Order at 13. Plaintiffs' effort to resuscitate the "Section 335 is impossible" argument does not warrant reconsideration.

Section 301(1)(E)'s requirement that 10,000 registered party members vote in subsequent elections." Order at 10. Therefore, Plaintiffs' argument that I somehow failed to consider this criterion is wrong, and also does not lead me to reconsider my earlier decision.

Tangentially, at the end of their motion for reconsideration, Plaintiffs raise the argument that the Order failed to consider the severity of the burden Sections 301 and 335 impose on LPME "as applied in combination." In particular, Plaintiffs argue that the Order failed to consider how Section 335's 10,000 registered voter participation threshold "is tantamount to a requirement that [LPME voters] vote for candidates whom they do not support" because LPME candidates could not get on the ballot in the first place via Section 301. Motion at 10. This is a serious challenge, and deserves consideration. But it was not part of Plaintiffs' Motion for Preliminary Injunction, which asked me to consider how several other of Maine's statutory requirements worked in combination, but not Sections 301 and 335. *See* Motion at 9 (considering the effect of Sections 301(E) and 303 "in combination"); *id.* at 13 (considering the effect of Sections 331(1) and 335 "in combination"); *id.* at 16 (considering the effect of Sections 304 and 306 "in combination"). Whether Sections 301(1)(E) and 335 work in tandem to severely burden Plaintiffs' rights is a question that will no doubt come up in this litigation. But because it was not raised in Plaintiffs' original Motion, I will not consider it now in their Motion for Reconsideration.

## CONCLUSION

Because Plaintiffs have not identified an error of law, or pointed me to any new facts that would alter my earlier decision, Plaintiffs' Emergency Motion for Reconsideration (ECF No. 27) is DENIED.

**SO ORDERED.**

Dated this 13th day of July, 2020.

                                             /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE