IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JAMES BAINES et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as Secretary of State for the State of Maine,<br><br>                    Defendant. | Case No. 1:19-cv-00509-LEW |

### DEFENDANT'S REPLY TO PLAINTIFF'S
### ADDITIONAL STATEMENT OF MATERIAL FACTS

Defendant Secretary of State Shenna Bellows submits this Reply Statement of Material Facts under L.R. 56(d), in which she responds to Plaintiffs' Additional Statement of Material Facts (ECF No. 57-1).[1]

48.     Returning LPME's unenrolled voters to enrolled status is a simple and inexpensive task:

> The record of a disenrolled voter's prior enrollment in the party remains in CVR …. At any point in time a list of all the voters who had been enrolled in the LPME during a given time period could be generated in a report by having a computer specialist write a specific query to select and retrieve that data.  (Flynn Supp. Decl. ¶ 24 (Dkt. 49, PageID ##: 626-627.)

**Response:**     Qualified.  As the quoted text makes clear, the Deputy Secretary was describing the process for generating a *list* of past LPME voters.  It does not follow that it would

---

[1]     Based on the numbering of their three additional facts, Plaintiffs appear to assume that their statements of material fact in support of their own motion for summary judgment (ECF No. 55-2) are automatically incorporated into their opposition to the Secretary's summary judgment motion.  To the extent that is so, the Secretary incorporates by reference her responses to those statements of fact, as set forth in Defendant's Opposing Statement of Material Facts (ECF No. 59).

be a "simple and inexpensive task" to actually change the status of LPME voters in CVR. In fact, enrollments are entered into CVR by municipal registrars when a voter submits a voter registration card and "[t]here is no function in CVR that permits the Secretary to re-enroll a group of voters through a 'batch process' after the voters have become unenrolled." 2d Supp. Flynn Decl. (ECF No. 58) ¶ 44. The statement should thus be qualified to limit its scope to the generation of a list. Flynn Supp. Decl. ¶ 24; Flynn 2d Supp. Decl. ¶¶ 43–44.

49. The "second bill" referred to in ¶ 60 of the Secretary of State's Statement of Material Facts is LD 1571, identified in Paragraph 20 of Plaintiffs' Rule 56(b) Statement. (Dkt. 55-2, PageID #: 721.)

**Response:** Admitted.[2]

50. The testimony of Deputy Secretary of State Julie Flynn quoted in ¶ 20 of Plaintiffs' Rule 56(b) Statement was delivered to the legislature in support of the following provision in LD 1571:

> A minor party [e.g., the Libertarian or Green Party] may qualify to nominate candidates by state convention [rather than by primaries] and to have the party designation of its candidates printed on the ballot in the general election of that year .... (Settlement and Release Agreement, Dkt. 18-5, PageID ##: 409-410.)

**Response:** Qualified. Deputy Secretary Flynn's testimony was identifying problems with an alternative proposal to LD 1571 that would have extended the deadline for a party to achieve 5,000 enrollments without also allowing minor parties to nominate candidates by state convention, explaining that such a proposal would (1) leave the Secretary with potentially too

---

[2] Although LPME admitted to ¶ 60 of the Secretary's Statement of Material Facts, it has come to undersigned's attention that ¶ 60 contained an inadvertent error in its description of the proposed legislation. Because the original proposed legislation would have allowed "minor" parties to nominate candidates by convention, eliminating the need for a primary (and thus primary nominating petitions), it proposed extending the deadline for such a "minor" party to gather 5,000 enrollments to March 1st, not January 2nd. *See* Def.'s Opp. to P.I. Mot., Ex. 5 (ECF No. 18-5) at 17 of 21. The January 2nd deadline was incorporated into the bill by an amendment because the Legislature chose not to exempt minor parties from the primary process. *See* Comm. Amend. A to L.D. 1571, H-439 (128th Legis. 2017). Undersigned regrets that ¶ 60 did not better explain this legislative history.

little time to prepare ballots before the primary, and (2) make it more difficult for candidates from newly qualified parties to qualify for the primaries, by putting the party-qualification deadline closer to the March 15 deadline for submitting candidate petitions. *See* https://legislature.maine.gov/audio/#437?event=72227&startDate=2017-05-08T10:00:00-04:00, at 12:37:10–12:39:50. The testimony quoted in ¶ 20 of Plaintiff's Statement was part of Deputy Flynn's explanation of the latter issue.

Dated: March 19, 2021

AARON M. FREY
Attorney General

/s/ Jonathan R. Bolton
JONATHAN R. BOLTON
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8840
jonathan.bolton@mane.gov