## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JAMES BAINES, et al., | ) |
|                   Plaintiffs, | ) |
| v. | ) Civil No.: 1:19-cv-00509-LEW |
| SHENNA BELLOWS, in her official capacity as Secretary of State for the State of Maine, | ) |
|                   Defendant. | ) |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

PLEASE TAKE NOTICE THAT on March 29, 2021, the Court of Appeals for the Sixth Circuit entered an opinion affirming a district court judgment that held Michigan's ballot access requirements for independent candidates unconstitutional. *See Graveline v. Benson*, No. 20-1337 (March 29, 2021) ("Slip. Op.") (attached as Exhibit A). That opinion is relevant to this case because it addresses several issues that Plaintiffs raise here.

<u>First</u>, the plaintiffs in *Graveline* challenged several provisions of Michigan's statutory scheme as applied in combination. (Slip Op. at 13.) The Court of Appeals thus rejected the defendants' attempt to defend each provision separately:

> We find unpersuasive Defendants' arguments that the burdens imposed by the provisions are not severe. Defendants begin by analyzing the effect of each of the challenged provisions individually instead of assessing their combined effect as applied. This technique fails to heed our precedent, which instructs Defendants that the inquiry is not whether each law individually creates an impermissible burden but rather whether the combined effect of the applicable election regulations creates an unconstitutional burden.

(Slip Op. at 22) (citations and quotation marks omitted). This discussion is relevant because Plaintiffs also challenge several provisions as applied in combination and argue that Defendants'

1

attempt to defend them separately is legally insufficient to defeat their claims. (Pl. Opp. to Def. MSJ (Dkt. 57) ("Pl. Opp.") at 20; Pl. Rep. in Supp. of Pl. MSJ (Dkt. 67) ("Pl. Rep.") at 1-3, 5-7.)

Second, the plaintiffs in *Graveline* alleged that Michigan's filing deadline for statewide independent candidates imposed severe and unequal burdens on them "by requiring independent candidates to conduct petition drives before major parties select their nominees and well in advance of the general election." (Slip Op. at 12.) The Court of Appeals agreed: "Michigan's system works to disadvantage independent candidates alone by requiring them to seek a significant number of signatures from an electorate that is not yet politically energized and to stake out positions in a race with yet undecided contours." (Slip Op. at 17 (concluding that filing deadline imposes a "severe burden" as applied in combination with other challenged provisions.) This discussion is relevant because Plaintiffs claim that Maine's filing deadline imposes severe and unequal burdens on them "by requiring them to demonstrate voter support during an off-election year, when the average voter is less focused on politics, and by preventing them from responding to any contentious issue raised in the same year as an election." (Pl. MSJ at 14-15.)

Third, the Court of Appeals in *Graveline* gave great weight to the "past experience" evidence in the record. (Slip Op. at 17-18, 23.) It reasoned:

> Whether hindered or unhindered by an early filing deadline, independent candidates in Michigan have not appeared on the ballot. That is a reality we cannot discount. … The fact that no independent candidate for statewide office has appeared on the Michigan ballot in thirty years indicates that a reasonably diligent candidate could not meet the signature requirements within the signature-collection window.

(Slip Op. at 18 (citing *Storer v. Brown*, 415 U.S. 724, 742 (1974)). The Court of Appeals also rejected the defendants' assertion that the "absolute dearth" of candidates who were able to comply with the challenged provisions was insufficient to establish a severe burden. (Slip Op. at 18 n.5.) This discussion is relevant because Plaintiffs in this case argue that candidates' historic inability

2

to comply with the challenged provisions supports the conclusion that they impose a severe burden, (Pl. MSJ at 10, 20-22), whereas Defendant has alternatively urged the Court to disregard this evidence, (Def. Opp. to Pl. MSJ (Dkt. 60) ("Def. Opp.") at 18-19), or to conclude that it fails to establish a severe burden. (Def. Opp. at 20-22.)

Fourth, the Court of Appeals in *Graveline* found that evidence demonstrating the high cost of gathering signatures supports the conclusion that "the Michigan statutory scheme places 'a particular burden on an identifiable segment of [Michigan's] independent-minded voters.'" (Slip Op. at 19-20 (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 792 (1983).) This discussion is relevant because Plaintiffs argue that the "necessary expense" of complying with Maine's statutory scheme "places a 'particular burden' on non-wealthy citizens such as Plaintiffs." (Pl. MSJ at 15 (quoting *Anderson*, 460 U.S. at 792.)

Fifth, and last, the Court of Appeals in *Graveline* rejected the defendants' attack on the plaintiffs' alleged "dilatoriness" as "misplaced." (Slip Op. at 22.) The relevant question, the Court of Appeals explained, is not whether a particular plaintiff is sufficiently diligent but whether "a reasonably diligent independent candidate [could] be expected to satisfy the signature requirements, or will it be only rarely that the unaffiliated candidate will succeed in getting on the ballot?" (*Id.* (quoting *Storer*, 415 U.S. at 742).) Consequently, "the fact that an election procedure *can* be met does not mean the burden imposed is not severe." (Slip Op. at 23 (citation omitted) (emphasis added by Court of Appeals)). This discussion is relevant because Defendant has leveled similar attacks against Plaintiffs in an attempt to defend the challenged provisions.

Dated: March 30, 2021          Respectfully submitted,

/s/John H. Branson

JOHN H. BRANSON*
BRANSON LAW OFFICE, P.A.

3

>482 Congress Street, Suite 304
>P.O. Box 7526
>Portland, Maine 04112-7526
>(207) 780-8611
>jbranson@bransonlawoffice.com
>
>OLIVER B. HALL
>*Pro Hac Vice*
>CENTER FOR COMPETITIVE DEMOCRACY
>P.O. Box 21090
>Washington, DC 20009
>oliverhall@competitivedemocracy.org
>(202) 248-9294
>
>WILLIAM P. TEDARDS, JR.
>*Pro Hac Vice*
>1101 30th Street NW, Suite 500
>Washington, DC 20007
>BT@tedards.net
>(202) 797-9135
>
>*Counsel for Plaintiffs*
>*\*Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021 I filed the foregoing document through the Court's CM/ECF system, which will effect service upon all counsel of record.

>/s/Oliver B. Hall
>Oliver B. Hall

4