UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JAMES BAINES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil No.: 1:19-cv-00509-LEW |
| | ) |
| SHENNA BELLOWS, in her official capacity as Secretary of State for the State of Maine, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

PLEASE TAKE NOTICE THAT on March 29, 2021, the United States District Court for the Northern District of Georgia entered a decision granting summary judgment to the plaintiffs in *Cowen v. Raffensperger*, No. 1:17-CV-04660 (N.D. Ga. March 29, 2021) ("Slip Op.") (attached as Exhibit A). The decision holds Georgia's 5 percent signature requirement for independent and "political body" candidates for the United States House of Representatives unconstitutional. (Slip Op. at 41-42.) *Cowen* is relevant to this case because it relies on several points that Plaintiffs raise here.

First, the plaintiffs in *Cowen* challenged the "cumulative effect" of the 5 percent requirement as applied in combination with other provisions. (Slip Op. at 11.) The Court accordingly found that the provisions impose a "severe burden" because the "cumulative effect of Georgia's requirements on independent and political-body candidates has frozen the political status quo in Georgia as to congressional races." (*Id*. at 15 (citation omitted).) Here too, Plaintiffs argue that the challenged provisions, as applied in combination, "have frozen party politics in the State of Maine," (Pl. MSJ (Dkt. 55) at 29), by making it "practically impossible for average – i.e.,

1

nonwealthy – citizens to establish and maintain a qualified new party." (*Id.* at 2; Pl. Opp. to Def. MSJ (Dkt. 57) at 20 (citing *Jenness v. Fortson*, 403 U.S. 431, 438 (1971); Pl. Rep. in Supp. of Pl. MSJ (Dkt. 67) at 1-3.) *Cowen* thus supports Plaintiffs' claim that the challenged provisions are severely burdensome as applied in combination.

Second, the court in *Cowen* relied heavily on "the historical record," which "shows that third-party and independent candidates have largely been excluded from Georgia's congressional ballots." (Slip Op. at 15.) It therefore concluded:

> This evidence strongly supports the conclusion that Georgia's ballot-access laws impose a severe burden based upon the Supreme Court's formulation in *Storer*: '[C]ould a reasonably diligent independent candidate be expected to satisfy the signature requirements, or will it be only rarely that the unaffiliated candidate will succeed in getting on the ballot?'

(*Id.* at 16 (quoting *Storer v. Brown*, 415 U.S. 724, 742 (1974).) Here, too, Plaintiffs rely on the "reasonably diligent" candidate test in *Storer*, (Pl. MSJ at 8,10), and argue that the evidence demonstrates that reasonably diligent candidates of new or smaller parties cannot comply with Maine's primary election signature requirements. (*Id.* at 11-12,20-22.) *Cowen* thus supports Plaintiffs' claim that the challenged provisions are unconstitutional under the *Storer* test.

Third, the defendant in *Cowen*, like Defendant here, attempted to minimize the significance of the evidence demonstrating that reasonably diligent candidates could not comply with the challenged provisions by suggesting that many did not make "genuine efforts" or "did not even try." (Slip Op. at 19.) The Court rejected such assertions. (*Id.*) Many candidates, the Court observed, "gave up for the simple reason that Georgia's ballot access requirements were too high to be worth their effort." (*Id.* (citations omitted.) The evidence in the record supports that conclusion here, too. (Pl. MSJ at 20-22.)

2

Fourth, and last, the Court in *Cowen* recognized that the analytic process announced in *Anderson v. Celebrezze*, 460 U.S. 780 (1983) relies upon and incorporates the reasoning in *Storer*. (Slip Op. at 32.) Under that analysis, "the extent of the infringement [on a plaintiff's rights] must be considered *based upon the facts of a case*, and the magnitude of the infringement must be balanced against the state's interest." (*Id.* (emphasis added).) This supports Plaintiffs' argument that a proper assessment of the burdens imposed in this case must address the facts demonstrating that Plaintiffs' candidates and the Maine Green Independent Party's candidates for statewide office are unable to comply with Maine's primary election signature requirements. (Pl. MSJ at 10,20-22.) In addition, the Court in *Cowen* recognized that "*Anderson* requires the Court to take a closer look at the State's stated interest—specifically, 'the legitimacy and strength of each of those interests [and] the extent to which those interests make it necessary to burden the plaintiff's rights.'" (Slip Op. at 33 (quoting *Anderson*, 460 U.S. at 789).) This supports Plaintiffs' argument that Defendant's prior admission that § 301(E) serves no legitimate state interest, and Defendants' subsequent attempt to justify that provision by repeatedly invoking illegitimate interests, supports the conclusion that no state interest can justify the burdens that § 301(E) imposes. (Pl. MSJ at 10-11,26-27.)

Dated: April 2, 2021                      Respectfully submitted,

/s/John H. Branson

JOHN H. BRANSON*
BRANSON LAW OFFICE, P.A.
482 Congress Street, Suite 304
P.O. Box 7526
Portland, Maine 04112-7526
(207) 780-8611
jbranson@bransonlawoffice.com

OLIVER B. HALL
*Pro Hac Vice*
CENTER FOR COMPETITIVE DEMOCRACY
P.O. Box 21090
Washington, DC 20009
oliverhall@competitivedemocracy.org
(202) 248-9294

WILLIAM P. TEDARDS, JR.
*Pro Hac Vice*
1101 30th Street NW, Suite 500
Washington, DC 20007
BT@tedards.net
(202) 797-9135

*Counsel for Plaintiffs*
\**Counsel of Record*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 2, 2021 I filed the foregoing document through the Court's CM/ECF system, which will effect service upon all counsel of record.

                                    /s/Oliver B. Hall
                                    Oliver B. Hall