UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JAMES BAINES, *et al.*, | ) |
|                 Plaintiffs, | ) |
|     v. | ) Civil No.: 1:19-cv-00509-LEW |
| SHENNA BELLOWS, in her official capacity as Secretary of State for the State of Maine, | ) |
|                 Defendant. | ) |

## **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

PLEASE TAKE NOTICE THAT the following authorities support Plaintiffs' claim that they are entitled to the injunctive relief requested in Plaintiffs' Amended Emergency Motion for Permanent Injunction (Dkt. No. 81):

- *Norman v. Reed*, 502 U.S. 279 (1992) (invalidating Illinois' signature requirement and placing plaintiff candidates on ballot);

- *Hadnott v. Amos*, 394 U.S. 358 (1969) (invalidating racially discriminatory application of Alabama's ballot access laws and ordering new election with previously excluded candidates on ballot);

- *Williams v. Rhodes*, 393 U.S. 23 (1968) (invalidating Ohio's ballot access statutory scheme on ground that it enabled two parties to monopolize the electoral process and placing plaintiff political parties on ballot);

- *New Alliance Party of Alabama v Hand*, 933 F.2d 1568 (11th Cir. 1991) (affirming district court decision invalidating Alabama's filing deadline and placing plaintiff political party on ballot);

- *MacBride v Exon*, 558 F.2d 443 (8th Cir. 1977) (affirming district court order invalidating Nebraska's party certification deadline and placing plaintiff candidates on ballot);

- *Libertarian Party of Ohio v. Husted*, 2:13-cv-953 (S.D. Oh. Jan. 7, 2014) (unpublished) (enjoining enforcement of Ohio's newly-enacted ballot access laws and placing plaintiff political parties on ballot);

- *Green Party of Tennessee v. Hargett*, 882 F Supp 2d 959 (M.D. 2012) (invalidating Tennessee's filing deadline and placing plaintiff political parties on ballot even though they did not comply with signature requirement);

- *Libertarian Party of Ohio v. Brunner*, 567 F. Supp 2d 1006 (S.D. Oh. 2008) (invalidating Ohio Secretary of State's ballot access regulation and placing plaintiff political party on ballot);

- *Workers World Party v. Vigil-Giron*, 693 F Supp 989 (D. N.M. 1988) (invalidating New Mexico's party enrollment requirement and placing plaintiff political party on ballot);

- *Libertarian Party of Nevada v. Swackhamer*, 638 F. Supp 565 (D. Nev. 1986) (invalidating Nevada's filing deadline and placing plaintiff political party on ballot even though it did not collect the required number of signatures);

- *Blomquist v. Thomson*, 591 F. Supp. 768 (1984) (invalidating Wyoming's ballot access laws but declining to grant plaintiffs injunctive relief), *rev'd*, 739 F.2d 525 (10th Cir. 1984) (reversing district court's denial of injunctive relief and directing placement of plaintiff political party on ballot if it met certain conditions);

- *Libertarian Party of Oklahoma v. Oklahoma State Election Board*, 593 F. Supp 118 (W.D. Ok. 1984) (invalidating Oklahoma's ballot access laws and placing plaintiff political party on ballot even though it had not met signature requirement);

- *Libertarian Party of Nebraska v. Beerman*, 598 F. Supp. 57 (D. Neb. 1984) (invalidating Nebraska's ballot access laws and placing plaintiff party on ballot provided it submitted required number of signatures within extended filing deadline);

- *Communist Party of Ill. v. Ogilvie*, 357 F. Supp. 105 (N.D. Ill. 1972) (invalidating Illinois' signature distribution requirement and loyalty oath and placing plaintiff political party on ballot);

- *Socialist Labor Party v. Rhodes*, 318 F. Supp. 1262 (S.D. Oh. 1970) (invalidating Ohio's signature requirement and placing plaintiff political party on ballot even though it did not attempt to petition);

- *Vogler v. Miller*, 651 P. 2d 1 (Alas. 1982) (invalidating Alaska's signature requirement and placing plaintiff candidate on ballot even though candidate did not collect the required number of signatures).

Dated: December 29, 2021	Respectfully submitted,

/s/Oliver B. Hall

OLIVER B. HALL
*Pro Hac Vice*
CENTER FOR COMPETITIVE DEMOCRACY
P.O. Box 21090
Washington, DC 20009
oliverhall@competitivedemocracy.org
(202) 248-9294

JOHN H. BRANSON*
BRANSON LAW OFFICE, P.A.
482 Congress Street, Suite 304
P.O. Box 7526
Portland, Maine 04112-7526
(207) 780-8611
jbranson@bransonlawoffice.com

WILLIAM P. TEDARDS, JR.
*Pro Hac Vice*
1101 30th Street NW, Suite 500
Washington, DC 20007
BT@tedards.net
(202) 797-9135

*Counsel for Plaintiffs*
**Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2021, the foregoing document was filed using the Court's CM/ECF system, which will effect service upon all counsel of record.

/s/Oliver B. Hall
Oliver B. Hall