UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES BAINES et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19-cv-00509-LEW |
| | ) | |
| SHENNA BELLOWS, Secretary of State for the State of Maine, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO INTERVENE
## REQUESTING INJUNCTIVE RELIEF

On November 17, 2021, I granted, in part, Plaintiffs' Motion for Summary Judgment and declared unconstitutional Maine election law governing minor-party candidate-nomination proceedings, as applied to Plaintiffs. In the November Order, I concluded: "The party-member signature requirement of § 335(2) is unconstitutional as applied to Plaintiffs, in violation of the associational and equal protection rights protected by the First and Fourteenth Amendments of the United States Constitution." *Baines v. Bellows*, No. 1:19-CV-00509-LEW, 2021 WL 5362700, at *19 (D. Me. Nov. 17, 2021). I tailored my findings to the Plaintiffs in this action—i.e., the Libertarian Party of Maine and certain of its candidates—because they presented a convincing record in support of their challenge to Maine election law.

On December 31, 2021, I granted Plaintiffs' request for emergency injunctive relief in advance of the Maine primary nomination process to ensure that they would be able to participate in the 2022 election cycle. In the December Order, I explained as follows:

> [T]he provision of Maine law forbidding candidates in ballot-qualified minor parties from demonstrating popular support based on nomination signatures collected from within-district, unenrolled voters, see 21-A M.R.S. § 335(2), deprives such candidates of their right of political association with like-minded voters who are not adherents of another party.

*Baines v. Bellows*, No. 1:19-CV-00509-LEW, 2021 WL 6197381, at *1 (D. Me. Dec. 31, 2021). At the time, Secretary of State Bellows argued that a growing minor party should at some point lose the ability to demonstrate local popular support based on signatures provided by unenrolled voters. I understood that the Secretary likely was concerned about the significance my summary judgment ruling might have for parties not before the Court—specifically, for the Maine Green Independent Party and its candidates. I declined to draw such line, seeing "no reason why this litigation demands that I should usurp the Legislature's or the Secretary's role by attempting to set the mark now." *Id.* at *4 n.5. I noted that my ruling neither suggested that all minor parties should be exempt from § 335(2) nor "changed the status quo for major party candidates." *Id*.

The matter is now before the Court on a motion captioned: Intervening Plaintiffs' Emergency Motion to Intervene and Receive Relief Under Equal Protection of the Law (ECF No. 89). The signatories of the Emergency Motion are Lyn Maravell and Gil Harris, Co-Chairs of the Maine Green Independent Party ("MGP"). They request that I order the Secretary to authorize them to collect signatures from unenrolled voters on behalf of the MGP's candidates for, evidently, U.S. House and/or Maine State Governor. They include

in their request a COVID-based justification, arguing that such relief will enable them to collect signatures efficiently in public gathering spots, without going door-to-door. The Emergency Motion states:

> In summary, the Intervening Plaintiff [MGP] seeks the following relief and remedy:
>
> That the Maine Green Independent Party be granted similar relief to the [Libertarian Party of Maine], not because our numbers are insufficient, but because we don't have access to them as COVID prevents us from going to our members, door to door.

Emergency Mot. 3.

## DISCUSSION

The Emergency Motion is denied. The officers of an association are not automatically permitted to represent their association in court; instead, an association, incorporated or otherwise, must appear before the court through counsel. *See In re Las Colinas Dev. Corp.*, 585 F.2d 7, 11 (1st Cir. 1978); *see also In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) ("Corporations and other unincorporated associations must appear in court through an attorney."). Ms. Maravell and Mr. Harris, therefore, cannot represent the legal interests of the MGP or its candidates in court; individual candidates seeking relief based on my November Order would have to appear pro se on their own behalf. *Crippa v. Johnston*, 976 F.2d 724 (1st Cir. 1992). *See also* 28 U.S.C. § 1654 (allowing parties to prosecute their own claims pro se); *Ethan H. v. State of N.H.*, 968 F.2d 1210 (1st Cir. 1992) (per curiam) ("We have interpreted this statute as barring a non-lawyer from representing anyone else but himself or herself.").

In addition, a motion to intervene is subject to a standard of review that was overlooked in the present motion. *See In re Efron*, 746 F.3d 30, 35 (1st Cir. 2014) (stating standard for intervention); Fed. R. Civ. P. 24. Even if Ms. Maravell and Mr. Harris were attorneys certified to practice before this Court or were candidates appearing pro se on their own behalf, their motion would be subject to summary denial for failure to address the applicable standard of review. *See In re Efron*, 746 F.3d at 34.

## CONCLUSION

The Emergency Motion is DENIED.

**SO ORDERED.**

Dated this 14th day of January, 2022.

                                                    /s/ Lance E. Walker
                                               UNITED STATES DISTRICT JUDGE