UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES BAINES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19-cv-00509-LEW |
| | ) | |
| SHENNA BELLOWS, Secretary of | ) | |
| State for the State of Maine, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER ON MOTION FOR ATTORNEY'S FEES</u>

Pursuant to 42 U.S.C. § 1988, Plaintiffs have requested an award of attorney's fees in the amount of $353,828.60, plus $2,746.10 in litigation costs. Pl.'s Mot. 3–4 (ECF No. 96). The Secretary argues that Plaintiffs are entitled to "no more than $58,674.39" in fees, though she does not object to the requested litigation costs. Def.'s Opp'n 1 (ECF No. 102). For the following reasons, I grant Plaintiffs request for attorney's fees, but only in the amount of $ 152,973.01, plus the requested litigation costs.

### BACKGROUND

On November 17, 2021, I granted, in part, Plaintiffs' Motion for Summary Judgment and declared unconstitutional, as applied to Plaintiffs, certain aspects of Maine election law. Specifically, I determined that the requirement that a candidate only gather nomination signatures from members of his own party, as well as the Secretary's practice of forcibly disaffiliating voters from a minor party once the party lost ballot access, impermissibly burdened Plaintiffs' rights under the First and Fourteenth Amendments.

Though Plaintiffs also challenged the process by which a political party achieves and maintains ballot access under Maine law, I found that the party member enrollment thresholds and timelines for enrolling members were reasonable, and accordingly granted summary judgment to the Secretary on that score. On December 31, 2021, I granted Plaintiffs' request for emergency injunctive relief to ensure their ability to participate in the 2022 elections. At that time, I enjoined the Secretary from enforcing the party-member signature requirement against Plaintiffs, and ordered the Secretary to take certain affirmative steps to assist Plaintiffs in re-enrolling members of the Libertarian Party of Maine whose party affiliation had been changed to independent in the Secretary's latest forced disaffiliation.

Plaintiffs now argue that they have substantially prevailed in their quest to participate in Maine's elections, and seek to recover attorney's fees and litigation costs.

## DISCUSSION

Pursuant to 42 U.S.C. § 1988, the court may award litigation costs, including "a reasonable attorney's fee," to "any prevailing party" in civil rights cases. To determine the appropriate award, I begin by calculating the "lodestar," which is "the product of the number of hours appropriately worked times a reasonable hourly rate or rates." *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011). The reasonable hourly rate shall be based on "the prevailing hourly rate (or schedule of rates) in the community for the performance of similar legal services by comparably credentialed counsel," *id.* at 16, though higher out-of-state rates may be approved where the requesting attorney "has particular expertise that is not readily available in the local market," *Desena v. Lepage*, 847

F. Supp. 2d 207, 215 (D. Me. 2012). The number of hours worked shall include hours "productively expended by counsel," *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992), and shall exclude any "duplicative, unproductive, or excessive hours," *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001). Where "a plaintiff has achieved only partial or limited success," the court may adjust the award downward to arrive at a "reasonable" fee. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). A party opposing a fee request must submit some evidence showing that the request is unreasonable, and may not simply assert that the request is unreasonable. *Hutchinson*, 636 F.3d at 16–17.

To start, I note that Plaintiffs are entitled to attorney's fees in this case. Section 1988's provision of attorney's fees to the prevailing party in a civil rights case "necessarily includes" challenges to a state's election laws. *Desena*, 847 F. Supp. 2d at 209. And there is no doubt that Plaintiffs have prevailed in at least some aspects of this case. The fact that counsel agreed to represent Plaintiffs on what they characterized as a "pro bono" basis, Pl.'s Mot. 3, "cuts against" the award of statutory attorney's fees insofar as counsel entered into the relationship without an expectation of recovering a fee. *Vale v. Avila*, No. 06-cv-1246, 2008 WL 5273677, at *2 (C.D. Ill. Dec.17, 2008). Nonetheless, the law in this circuit is clear that a prevailing party "may petition th[e] court for attorneys' fees, even [if] his attorneys worked on his case on a pro bono basis." *Castaneda-Castillo v. Holder*, 723 F.3d 48, 56 n.4 (1st Cir. 2013).

Although I find that Plaintiffs are entitled to an award of attorney's fees, for reasons that follow I also find cause to reduce the award based on time unproductively spent, significant reductions in the requested hourly rates, and less than complete success on the

merits.

### 1. Hours spent on unsuccessful motions

The Secretary objects to Plaintiffs' request for attorney's fees related to Plaintiffs'

motion for a preliminary injunction and motion for reconsideration, both of which motions

I denied.[1] A prevailing party "is only entitled to recover fees for time productively spent"

on the litigation. *United States v. One Star Class Sloop Sailboat built in 1930 with hull no.*

*721, named "Flash II"*, 546 F.3d 26, 39 (1st Cir. 2008). Consequently, "a district court

may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or

inefficiently devoted to the case." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st

Cir. 2008) (citing *Hensley*, 461 U.S. at 434).

Though Plaintiffs did not succeed in their quest for preliminary injunctive relief,

their attempt to obtain a preliminary injunction was reasonable, efficacious, and directly

related to their ultimate success in this case. I concluded at the time that two of the four

factors governing the issuance of a preliminary injunction—Plaintiffs' likelihood of

success on the merits and their risk of irreparable injury—pointed in Plaintiffs' favor, but

ultimately denied the requested relief based on the remaining factors. In particular, given

the risk of irreparable injury that Plaintiffs faced absent an injunction, it was reasonable of

them to seek preliminary relief at that time. What is more, my finding that Plaintiffs were

likely to succeed on the merits further reenforces the reasonableness of the motion, and

distinguishes this case from others in which courts have denied attorney's fees for

---

[1] I limit my review of Plaintiffs' fee request to the foremost areas of concern, because a "request for attorney fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. I need not and do not address the Secretary's objections to particular line items in the fee request.

unsuccessful motions for preliminary injunction. *See, e.g.*, *Cushing v. McKee*, 853 F. Supp. 2d 163, 172 (D. Me. 2012). And while Plaintiffs' delay in bringing the suit undermined their argument that equity demanded immediate relief—and ultimately proved determinative in my decision to deny relief at that time—I cannot conclude that it was unreasonable to take eleven months to file this lawsuit and another four months to move for preliminary injunctive relief. Nor was the motion inefficient or unnecessary—motions for preliminary injunctive relief are an important step in many civil rights cases, and in this case, the parties' early briefing served an important role in amassing and channeling the record that informed my ultimate decision. Accordingly, Plaintiffs are entitled to attorney's fees for work relating to their motion for a preliminary injunction.

By contrast, work relating to Plaintiffs' subsequent motion for reconsideration should be excluded from the lodestar. Success on such a motion hinges on a showing that the court "has patently misunderstood" a party's arguments or "has made an error not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 82 (1st Cir. 2008) (cleaned up). This standard is a high bar; but more importantly, it calls for a specific type of argument that Plaintiffs' motion patently did not make. Instead, Plaintiffs simply reasserted two arguments that I had previously rejected and raised a new argument not previously advanced in the motion for preliminary injunction. Plaintiffs' request for reconsideration thus could not reasonably have been expected to succeed under the governing standard, and so does not warrant an award of attorney's fees. The 49.8 attorney hours spent working on the reconsideration motion will be deducted from the lodestar.

### 2. Billing efficiency

The Secretary also argues that Plaintiffs' counsel spent excessive time drafting the complaint and briefing the cross-motions for summary judgment. Plaintiffs' counsel reports billing 36.15 hours drafting the complaint and 200.5 hours briefing the summary judgment motions. These totals strike me as reasonable for a high-stakes case that involved a number of challenging constitutional questions upon which a great deal of legal ink previously has been spilled. The large number of hours expended at the summary judgment stage also makes sense given that the parties filed dueling cross-motions for summary judgment, substantially increasing the amount of work required at that stage.

### 3. Billing rate

The Secretary objects to Plaintiffs' requested billing rates of $486 per hour for attorney time and $160 per hour for paralegal time, arguing that these rates exceed the standard billing rate of similarly-credentialed attorneys and paralegals in Maine. "Reasonable hourly rates will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria." *One Star Class Sloop Sailboat*, 546 F.3d at 38. Though the court presumptively awards attorney's fees based on the prevailing rate in the local community, "out-of-town rates may be applied if the complexities of a particular case require the particular expertise of non-local counsel, or when the case is an undesirable one which capable attorneys within the forum community are not willing to prosecute or defend." *Williams v. Poulos*, Nos. 94-2057 & 94-2058, 1995 WL 281451 at *4 (1st Cir. May 12, 1995) (cleaned up). Because "a litigant is entitled to attorney's fees under 42 U.S.C. § 1988 for an effective and completely competitive representation but not one of supererogation," plaintiffs seeking attorney's

fees at a non-standard rate must show that they were unable to obtain any qualified counsel at the standard rate. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 953–54 (1st Cir. 1984).

This is not a case where unique legal expertise was necessary. Like any issue of constitutional law, the issues in this case are fuzzy and involve a raft of often contradictory legal precedents. But the issues are not particularly complicated, and ultimately redound to a straightforward application of basic constitutional principles and tests. Nor were there any particular procedural complexities that would have required special legal acumen. And though Plaintiffs' counsel appear to have experience litigating election law cases, they do not appear to possess a unique expertise that is unavailable among Maine attorneys.

Nor were Plaintiffs unable to hire competent attorneys in Maine; rather, they were simply unable to hire *pro bono* counsel in Maine. Plaintiff Christopher Lyons avers that he inquired with a number of Maine lawyers and law firms before retaining Messrs. Hall and Tedard. Lyons Decl. ¶ 5 (ECF No. 96-7). According to Mr. Lyons, one local firm offered to take the case, but Plaintiffs declined to hire that firm because the firm "would consider the matter only on a paying basis with an initial $20,000 retainer." Lyons Decl. ¶ 6 (ECF No. 96-7). Mr. Lyons also reports that John Branson, who had represented the Libertarian Party of Maine in a prior election law case, declined to take this case because "he did not have sufficient capacity or resources to commit to such a task on a pro bono basis." Lyons Decl. ¶ 4. Instead, Plaintiffs hired Messrs. Hall and Tedard, who "agreed to represent the Plaintiffs in this matter *pro bono*." Hall Decl. ¶ 15 (ECF No. 96-2). Plaintiffs' decision to opt for free representation by Messrs. Hall and Tedard over paid representation by local counsel was reasonable; but the state need not bear the cost of that decision. Plaintiffs are

entitled to attorneys' fees based on a rate that would be reasonable within the local community.

The Secretary proposes hourly rates of $335.48 for attorney hours, $106.23 for paralegal hours, and $223.65 for attorney hours spent recovering fees. *See* Def.'s Opp'n 15. Based on my review of other attorney's fee awards in this District over the past several years, adjusted to reflect the cost of legal services in the winter of 2021 (when the bulk of the work in this case occurred), these fees strike me as appropriate for experienced counsel. Accordingly, the fee award will be calculated using the Secretary's proposed rates. [2]

### 4. Reduction for partial success

Though a prevailing plaintiff is entitled to attorney's fees "even if the plaintiff failed to prevail on every contention," the fee award "should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief." *Fox v. Vice*, 563 U.S. 826, 834 (2011) (cleaned up). Thus where a plaintiff simultaneously advances multiple claims for relief and only succeeds on some of them, "the size of a reasonable fee" may be adjusted to account for "the degree of the plaintiff's success in relation to the other goals of the lawsuit." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989).

At no point in this case have Plaintiffs achieved full success on their motions. Though I granted partial summary judgment in favor of the Plaintiffs, I simultaneously granted partial summary judgment in favor of the Secretary. And while I subsequently

---

[2] As the Secretary has not proposed an alternative rate for paralegal hours spent recovering fees, I will use the same hourly rate for paralegal time spent on the merits of the case and time spent on the fee request. Though fee petitions typically warrant lower fees for attorney time than work spent on the merits of a case because of their relative lack of complexity, *see Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008), fee petitions and merits work likely generate equally complex tasks for paralegals.

granted Plaintiffs' request for emergency injunctive relief, I ordered a more tailored injunction than the sweeping relief that Plaintiffs sought at the time. Plaintiffs correctly note that courts in ballot access and voting rights cases generally consider the combined effect of a state's election law regime rather than the constitutionality of each distinct provisions taken on its own. *See Storer v. Brown*, 415 U.S. 724, 737 (1974). But where, as here, a plaintiff requests multiple discrete changes to a governing regime and only achieves relief as to some of those requests, it is appropriate to award an attorney's fee equal to a portion of the lodestar.

Plaintiffs challenged three aspects of Maine election laws: the signature thresholds and deadlines for gaining and maintaining party qualification status; the requirement that a candidate only gather nomination signatures from members of his own party; and the Secretary's practice of unenrolling members of disqualified political parties. Plaintiffs achieved substantial success on the latter two of these three issues, while I granted summary judgment to the Secretary on the foremost issue. Because Plaintiffs only prevailed on two of their three claims, it is reasonable to reduce their attorney's fees award correspondingly, to arrive at an award that makes clear that Plaintiffs achieved an important victory in their quest for ballot access but ultimately fell short of the full relief that they requested.

## CONCLUSION

Plaintiffs' Motion for an Award of Attorney's Fees and Litigations Costs is GRANTED in the amount of $ 152,973.01, plus $2,746.10 in litigation costs.

**SO ORDERED.**

Dated this 14th day of July, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE