UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES BAINES *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19-cv-00509-LEW |
| | ) | |
| SHENNA BELLOWS, Secretary of State for the State of Maine, | ) ) | |
| | ) | |
| Defendant. | ) | |

**JUDGMENT**

Following review of the parties' submissions in response to the August 23, 2022, Order to Show Cause asking "why judgment should not enter in this matter," ECF No. 107 at 2, judgment will now enter in this matter.

For the reasons stated in my November 17, 2021, Order on Motions for Summary Judgment, judgment will enter—in part[1]—for Plaintiffs, The Libertarian Party of Maine ("LPME"), James Baines, Christopher Lyons, Allen Esposito, William Sampson, Cody Blackburn, and Bonnie Young, and against the Defendant, Secretary of State Shenna Bellows, on Counts I and II of Plaintiff's Complaint; and declaratory relief is awarded, as follows:

---

[1] Other than as outlined herein, and consistent with my Order on Motion for Summary Judgment, judgment will also enter in part for Defendant Shenna Bellows on Plaintiffs' other claims and theories of liability.

> The party-member signature requirement of 21-A M.R.S. § 335(2) was unconstitutional as applied to Plaintiffs during the 2018 election, in violation of their associational rights and equal protection rights under the First and Fourteenth Amendments of the United States Constitution.
>
> The Secretary's forcible disaffiliation of members of the LPME at the conclusion of the 2018 election, pursuant to 21-A M.R.S. § 306, was unconstitutional, in violation of the right to associate protected by the First and Fourteenth Amendments of the United States Constitution.

As for injunctive relief, thus far the Court has awarded to Plaintiffs the following equitable remedies:

> Qualification of the LPME for the 2022 election;
>
> Notice to disaffiliated voters with opportunity to reenroll in the LPME using a streamlined process;
>
> Authorization for LPME candidates to collect nominating signatures from unenrolled voters during the 2022 election;
>
> Enablement of voter enrollment in the LPME leading up to and continuing through the 2022 election;
>
> Inclusion of the LPME as a party for check-box registration purposes on any new voter registration cards procured by the Secretary before the 2022 general election;
>
> Inclusion of the LPME as a party for registration purposes in Maine's Central Voter Registration ("CVR") system.

Order on Motion for Permanent Injunction (ECF No. 87).

In addition to the foregoing relief, Plaintiffs requests that I enjoin the Secretary to maintain the LPME's ballot qualification through the 2024 election. Plaintiffs argue that this relief is only fair since the LPME was denied full and fair participation in two successive election cycles, something it says it earned by crossing the 5,000 voter threshold

in 2016, citing 21-A M.R.S. § 301(1)(E) and § 303[2], but which the Secretary denied by virtue of the party-members-only candidate nomination process.

I am not persuaded that injunctive relief qualifying the LPME for another election cycle through judicial fiat is necessary to balance the scales between the Plaintiffs and Defendant. After settling its 2016 litigation in early 2017, the LPME waited until November 2019 to file the instant action, the eve of the 2020 election season. In doing so, the LPME failed to litigate the party-members-only nomination issue in 2018 even though the issue was amenable to litigation at that time. They then made an unconvincing case for a preliminary injunction enjoining the party-membera-only nomination requirement. Although I would ultimately come to see the merit of the claim at the summary judgment stage, that did not occur until 2021, shortly before the start of the 2022 election season.

Given this history, I am not convinced that the LPME's rights can be neatly distilled into a two-successive-elections remedy. My reluctance to provide that relief is also a function of the fact that, even though I awarded injunctive relief to ensure the LPME's participation in the 2022 election, along with injunctive relief that should have eased some of the individual plaintiffs' paths to the ballot and also encouraged other party members to run for office, the LPME did not run a single candidate for any county, state, or federal office this year and there is nothing to suggest the intention to do so in 2024 (other than the national Libertarian Party's history of putting forward a presidential/vice-presidential ticket every four years). The Plaintiffs' failure to take advantage of the ballot-access relief

---

[2] *See also Act to Amend the Election Laws Relating to Party Qualification*, L.D. 1571, §§ 1, 4 (128th Legis. 2017).

ordered thus far makes Plaintiffs less than compelling candidates for further relief. "Courts, like the Deity, are most frequently moved to help those who help themselves." *Paterson–Leitch Co.*, *Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 989 (1st Cir. 1988).[3]

Nevertheless, the 2024 election likely will include Libertarian Party candidates for president and vice president, which eventuality should have some tendency to assist the LPME with enrollments. Given the circumstances surrounding the batch unenrollment process, which disaffiliated so many of the LPME's registered voters unfairly and unconstitutionally, and which lacks a ready-made legal solution, I find it appropriate to extend a further measure of injunctive relief related to shoring up LMPE enrollments.

Accordingly:

Defendant is hereby enjoined, until the completion of the 2024 election, to continue printing the name of the Libertarian Party of Maine on any new voter registration cards; to instruct municipal registrars and clerks that voters are entitled to enroll in the Party, and to require that registrars and clerks post notices to this effect wherever they post voter registration materials for public consumption; and to maintain the Party as an option in Maine's CVR, to better enable town clerks and state administrators to enroll voters in the LPME. Thereafter, the Secretary can determine whether and how to process LPME enrollments based on circumstances as they exist at the time.

**SO ORDERED.**

Dated this 26th day of October, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[3] I am also mindful that the response rate to the simplified reenrollment process I ordered was very poor. The LPME still struggles to demonstrate popular support in the form of voter enrollments and nothing in the record has suggested that the LPME has the wherewithal to achieve as many as 10,000 enrollees in Maine. Finding it improbable that the LPME would have reached that threshold by this time, even in the absence of the disaffiliation brought on by the Secretary's batch unenrollment wrong, I am not inclined to disregard the modicum of support standard for yet another election cycle.